## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | | |
|---|---|---|
| AARON COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 4:18-cv-00163-JEG-CFB |
| | ) | |
| vs. | ) | |
| | ) | |
| BILL MCCARTHY; | ) | **REPORT AND RECOMMENDATION ON** |
| TRAVIS ANDERSON; | ) | **DEFENDANTS KYNSIE ANDERSON,** |
| HUNTER WISSINK; | ) | **BILL MCCARTHY, AND POLK** |
| KYNSIE ANDERSON; and | ) | **COUNTY JAIL'S MOTION TO DISMISS** |
| POLK COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On October 22, 2018, Defendants Sheriff Bill McCarthy, Kynsie Anderson, and Polk

County Jail filed a Pre-Answer Motion to Dismiss the Second Amended Complaint.  (ECF No.

21).  In an October 24, 2018 Order, this case was referred to the undersigned for review and

submission of a report and recommendation regarding disposition of the case pursuant to 28

U.S.C. section 636(b)(1)(B).  On November 18, 2018, Plaintiff Aaron Collins filed his

Resistance to the Motion to Dismiss.  (ECF No. 28).  At the time the Motion to Dismiss was

filed, Defendants Travis Anderson and Hunter Wissink were not yet served.  These two

Defendants have now been served, and have filed Answers.  A hearing was held on the Motion

to Dismiss on December 12, 2018.  This matter is fully submitted.

On August 15, 2018, Plaintiff filed the Second Amended Complaint (ECF No. 10),

asserting claims against Defendants, Sheriff McCarthy, Travis Anderson, Hunter Wissink,

Kynsie Anderson, and Polk County Jail, under 42 U.S.C. section 1983, for violation of Plaintiff's

Eighth and Fourteenth Amendment rights against cruel and unusual punishment and denial of

due process.[1]  In the Second Amended Complaint, Plaintiff specifically alleges causes of action against all Defendants for: (1) failure to protect; (2) conspiracy to physically harm; (3) retaliation; and (4) conspiracy to violate Plaintiff's constitutional rights.

Defendants Sheriff McCarthy, Kynsie Anderson, and Polk County Jail filed a Pre-Answer Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), contending Plaintiff has failed to state a claim upon which relief can be granted because: (1) Polk County Jail is not an entity subject to suit; (2) Plaintiff fails to allege a constitutional violation by Kynsie Anderson; and (3) Plaintiff's claims against Sheriff McCarthy are solely based upon the theory of *respondeat superior*, without any facts in support thereof. (ECF No. 21, pg. 2).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The claims in this matter arise from incidents that occurred while Plaintiff Aaron Collins was incarcerated at Polk County Jail.  Plaintiff alleges that in January 2017, Defendant Kynsie Anderson, a Detention Officer for Polk County Jail, was delivering meals to inmates and failed to provide a meal to Plaintiff.  According to Plaintiff, this resulted in a verbal altercation between him and Kynsie Anderson.  Plaintiff contends Kynsie Anderson must have told her husband, and fellow Detention Officer, Defendant Travis Anderson, about her altercation with Plaintiff.  Plaintiff asserts that Travis Anderson was therefore motivated to harm Plaintiff.  Plaintiff states that on January 10, 2017, Travis Anderson called Defendant Hunter Wissink, another Polk County Jail Detention Officer, and requested that Wissink violate Polk County Jail rules by taking a telephone to two inmates, Huff and Kirkpatrick, so Travis Anderson could communicate with them.  Plaintiff maintains that Wissink provided a telephone to Huff and Kirkpatrick,

---

[1] Because Plaintiff was a pretrial detainee, his claims are analyzed under the Fourteenth Amendment's Due Process Clause. *Vaughn v. Greene Cty., Ark.*, 438 F.3d 845, 850 (8th Cir. 2006). "Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." *Id.* (quoting *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003)).

allowing Travis Anderson to arrange for the inmates to physically harm Plaintiff. Plaintiff alleges he was then assaulted and stabbed in the forearm by inmates. Plaintiff does not name the inmates responsible for the attack, the date on which this alleged attack occurred, or the extent of his alleged injuries.

Sometime after this alleged assault, Plaintiff was released to the Fort Des Moines Residential Facility, based on a recommendation for placement in his underlying criminal case. Travis Anderson and Wissink were terminated from their positions at Polk County Jail in March and April 2017, respectively. Plaintiff maintains their terminations were due, at least in part, to their violation of Polk County Jail rules, which resulted in Plaintiff's assault by other inmates.

Plaintiff was returned to the custody of Polk County Jail in September 2017, when his placement at the Fort Des Moines Residential Facility was revoked. Plaintiff's section 1983 claims against Defendants Polk County Jail and Polk County Sheriff Bill McCarthy are based on Plaintiff's allegation that Polk County Jail and Sheriff McCarthy became aware of the conspiracy by Travis Anderson and Wissink to have other inmates harm Plaintiff. Plaintiff asserts that because Sheriff McCarthy and Polk County Jail staff did not inform Plaintiff of this conspiracy, they placed Plaintiff in danger, and then he was actually injured by other inmates. Plaintiff does not assert that Polk County Jail and Sheriff McCarthy had any knowledge of the purported conspiracy between Travis Anderson and Wissink prior to Plaintiff's assault by other inmates in January 2017.

Plaintiff contends that when he returned to the Polk County Jail in September 2017, he was subjected to adverse conduct by Polk County Jail officers (who are not identified) by being denied visits with his attorney, meals, and showers; and being physically injured during a cell extraction in September 2017. Plaintiff argues that these actions taken by Polk County Jail staff

"must have been" in retaliation due to their ill will towards him, caused by the firing of Travis Anderson and Wissink after the January 2017 assault on Plaintiff. Plaintiff provides no facts to support the inference that Polk County Jail staff were upset at the firings of Travis Anderson or Wissink. Plaintiff contends that Polk County Jail and Sheriff McCarthy allowed him to be retaliated against in this manner, and thus, again failed to protect Plaintiff while he was in their care in September 2017.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows Defendants to move for dismissal of Plaintiff's Complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether to grant a Rule 12(b)(6) motion, the Court must consider the complaint as a whole, and draw all reasonable inferences in favor of Plaintiff. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009); *see also Braden*, 588 F.3d at 594. The Court's consideration of a complaint in ruling upon a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

Defendants' Motion to Dismiss challenges the sufficiency of Plaintiff's claims against Defendants Kynsie Anderson, Polk County Jail, and Sheriff McCarthy for failure to protect,

4

conspiracy to physically harm, retaliation, and conspiracy to violate Plaintiff's constitutional rights.[2]

### A. Failure to Protect.

Plaintiff asserts a claim against all Defendants for failure to protect him in January 2017, alleging that "Plaintiff suffered due to the Defendants' actions in failing to protect him by failing to inform him he was a target of attack." (ECF No. 10, ¶ 41). Plaintiff also alleges that "Defendants caused Plaintiff to suffer injuries when he was assaulted." *Id.* at ¶ 42.

Plaintiff's failure to protect claim derives from the Eighth Amendment, which prohibits cruel and unusual punishment, and places a duty on prison officials to take reasonable measures to ensure the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). In particular, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* (quoting *Cortez-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)). A prison official is constitutionally liable for injuries suffered by a prisoner at the hands of another prisoner only when the official acts with deliberate indifference to a substantial risk of harm to the prisoner. *Perkins v. Grimes*, 161 F.3d 1127, 1130 (8th Cir. 1998). "To show deliberate indifference, the prisoner/detainee must prove both that the official's acts objectively caused a sufficiently serious deprivation and that the official had a subjectively culpable state of mind." *Id.* To establish the official had a subjectively culpable state of mind, the prisoner must show "the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that the official drew that inference." *Id.*

---

[2] The Second Amended Complaint asserts all claims against all Defendants. The Court has analyzed the basis for each claim separately, and has analyzed the claims against each Defendant individually. Because Plaintiff was a pretrial detainee, his claims are analyzed under the Fourteenth Amendment's Due Process Clause. *Vaughn*, 438 F.3d at 850.

_(1) Kynsie Anderson._  To establish a claim for failure to protect against Defendant Kynsie Anderson, Plaintiff must have pled sufficient facts, accepted as true, to infer that Kynsie Anderson caused a sufficiently serious deprivation of Plaintiff's rights in January 2017 and September 2017 by informing her husband, Travis Anderson, in January 2017 of the altercation between her and Plaintiff.  Plaintiff must show that Kynsie Anderson was aware that telling her husband of this altercation created a substantial risk of his causing serious harm to Plaintiff in January 2017; that she was deliberately indifferent to this risk of harm; and that she did not take reasonable measures to protect Plaintiff in January and September 2017.

Plaintiff argues that he has sufficiently stated a claim against Kynsie Anderson under section 1983 because "Kynsie Anderson set in motion a series of events which resulted in damage and injury to [Plaintiff], violating his constitutional rights."  (ECF No. 28-1, pg. 6).[3]

Plaintiff alleges only that Kynsie Anderson "clearly informed" her husband of the altercation between her and Plaintiff.  (ECF No. 10, ¶ 19).  He does not state that he overheard this conversation, only that he infers it took place.  Plaintiff's claim is based upon the assumption that Travis Anderson engaged in the plan to get inmates to harm Plaintiff as revenge for the verbal altercation between Kynsie Anderson and Plaintiff.  Plaintiff makes no allegation about, nor states any facts that otherwise connect Kynsie Anderson to the plan to have inmates harm Plaintiff in January 2017, or to have Polk County Jail staff interfere with his rights or

---

[3] Plaintiff also alleges Defendant Kynsie Anderson denied Plaintiff a meal. As Defendants correctly contend, denial of one meal does not rise to the level of a constitutional violation. _Thomas v. Northern_, 574 F.Supp.2d 1029, 1034 (E.D. Mo. 2008) ("To the extent that plaintiff is attempting to bring an Eighth Amendment claim because he missed a single meal, such claim fails to state a claim upon which relief can be granted."); _see also Williams v. Harness_, 221 F.3d 1346 (8th Cir. 2000) (unpublished per curiam) (upholding the ruling that the denial of one meal was not a constitutional violation); _Berry v. Brady_, 192 F.3d 504, 506 (5th Cir. 1999) (holding that whether the deprivation of food constitutes cruel and unusual punishment depends on the amount and duration of the deprivation).  To the extent that any of Plaintiff's section 1983 claims rely on the allegation that Defendant Kynsie Anderson denied one meal to Plaintiff, Plaintiff's Second Amended Complaint does not state a claim upon which relief can be granted.

injure him in September 2017. Plaintiff does not allege that Kynsie Anderson knew, or had any reason to know, that her husband would cause harm to Plaintiff. Even viewing the facts pled by Plaintiff as true, and drawing all inferences in his favor, there is an insufficient basis to support a claim that Kynsie Anderson created a substantial risk of serious harm to Plaintiff through actions by her husband in violation of Polk County Jail rules, by arranging for inmates to assault Plaintiff in January 2017. There are simply no facts presented that would allow the Court to infer that Kynsie Anderson had the requisite subjective culpable state of mind, or any objective acts by her that resulted in a serious risk of harm to Plaintiff from other inmates.

The Motion to Dismiss (ECF No. 21) should be **granted** on the failure-to-protect claim as to Kynsie Anderson. *See Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986) ("If it appears from the complaint, including its reasonable inferences, that there is no causal connection between the alleged deprivations and the challenged conduct, the complaint may properly be dismissed for failure to state a claim.").

*(2) Polk County Jail.* With respect to Defendant Polk County Jail, Defendants are correct that Plaintiff's Second Amended Complaint should be dismissed, because a jail is not a legal entity subject to suit under section 1983. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1026 (8th Cir. 2003); *see also De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F.App'x 436, 437 (8th Cir. 2001). Plaintiff has failed to state a claim against Defendant Polk County Jail as a separate entity. Defendants' Motion to Dismiss on all of Plaintiff's claims against Polk County Jail should be **granted.**

Plaintiff argues that although the suit names as a Defendant the Polk County Jail, the Court should interpret this as stating claims against Polk County, which is an appropriate Defendant for civil rights claims under section 1983. However, even if the Second Amended

7

Complaint was broadly read to allege claims against Polk County through the Jail as a
department of Polk County, Plaintiff has not sufficiently pled facts to establish liability by Polk
County for his claim of failure to protect.

"[T]o impose liability on a municipality under [section] 1983, [the Plaintiff must] identify
a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs of
Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 403 (1997). A municipality is not vicariously liable
for the unconstitutional conduct of its employees unless the conduct results from an
unconstitutional policy or custom. *Cline v. Union Cty., Iowa*, 182 F.Supp.2d 791, 802 (S.D.
Iowa 2001).

Plaintiff does not allege or identify any unconstitutional custom or policy of Polk County
through its Jail that is claimed to have created or maintained a deliberate indifference to a
substantial risk of harm to Plaintiff. In fact, Plaintiff acknowledged in the Second Amended
Complaint that Defendant Wissink acted in violation of Polk County Jail's policies. Arranging
for inmates to attack Plaintiff would also be in violation of Polk County Jail's rules. Drawing all
reasonable inferences in favor of Plaintiff, the Court concludes Plaintiff has failed to state a
failure-to-protect claim against Polk County, through its department, the Polk County Jail, upon
which relief can be granted. Defendants' Motion to Dismiss Polk County Jail (or Polk County)
(ECF No. 21) should be **granted** on the failure-to-protect claim.

*(3) Sheriff McCarthy.* Plaintiff alleges that Sheriff McCarthy failed to protect Plaintiff
because he failed to inform Plaintiff in September 2017 that he might be at risk from harm by
staff who might be angry at Plaintiff because Travis Anderson and Wissink had been terminated
in the spring of 2017, in part based upon the January 2017 assault against Plaintiff. Plaintiff's
claim is that Sheriff McCarthy should have predicted and prevented any injury to Plaintiff after

8

he was revoked from supervision at the Fort Des Moines Residential Facility and returned to

Polk County Jail, which was caused by staff who were retaliating against Plaintiff because of

the other employees' terminations. (ECF No. 10, ¶¶ 14, 33, 38). Defendants argue that

Plaintiff's claims against Sheriff McCarthy for failure to protect Plaintiff in September 2017

should be dismissed, because they are based on the premise that Sheriff McCarthy is responsible

for all Polk County Jail employees' conduct. Plaintiff does not allege any facts or inferences to

establish that Sheriff McCarthy had any knowledge that Plaintiff had been returned to Polk

County Jail in September 2017, or that any staff harbored ill will toward Plaintiff because of the

January 2017 incident, or any employee's termination.

A claim brought under section 1983 cannot be based upon *respondeat superior*. *Polk*

*Cty. v. Dodson*, 454 U.S. 312, 325 (1981). "To the extent [Plaintiff]'s claims rest on this basis,

[he] fail[s] to present a federal claim." *Id.* Generally, "responsibility for supervising the

operations of a prison is insufficient to establish the personal involvement required to support

liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995); *see also Schaub v.*

*VonWald*, 638 F.3d 905, 918 (8th Cir. 2011) (recognizing section 1983 liability requires the

warden to be personally involved beyond supervising the operations of a prison). Under section

1983, a supervisor may be held liable for directly participating in the unconstitutional conduct,

or for failing to train or supervise an employee who caused the constitutional violation.

*Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 673 (8th Cir. 2007).

Drawing all reasonable inferences in favor of Plaintiff, the Complaint can liberally be

read as alleging Defendant Sheriff McCarthy failed to protect Plaintiff, in violation of the Eighth

Amendment, in September 2017, by not informing Plaintiff that Defendants Travis Anderson

and Wissink had been terminated after Plaintiff's injuries by other inmates in January 2017.

9

However, Plaintiff does not allege Sheriff McCarthy was directly involved in the plan to harm Plaintiff in January 2017, or was aware of any of the acts Plaintiff asserts that Polk County Jail staff carried out in violation of Plaintiff's constitutional rights. Plaintiff also does not allege the asserted constitutional violations resulted from Sheriff McCarthy's failure to train or supervise Kynsie Anderson, Travis Anderson, Hunter Wissink, or any Polk County Jail staff. Instead, Plaintiff contends Sheriff McCarthy is responsible for Plaintiff's alleged injuries under section 1983 because in January 2017, he allowed an employee, Kynsie Anderson, to make racially-charged comments to Plaintiff, and allowed her to deny him a meal; failed to immediately inform Plaintiff, or otherwise protect Plaintiff, from any harm due to rule violations by Travis Anderson[4]; and allowed an environment of retaliation to flourish within the jail, by physical harm to inmates, or violation of their constitutional rights, which should have put Sheriff McCarthy on notice that Plaintiff was likely to be harmed by staff when Plaintiff returned to Polk County Jail after his supervision was revoked in September 2017. (ECF No. 28-1, pgs. 7-8). Viewing the facts pled as true and drawing all reasonable inferences, Plaintiff does not sufficiently state a claim against Sheriff McCarthy under section 1983, for failure to protect Plaintiff from harm in January or September of 2017. Defendants' Motion to Dismiss (ECF No. 21) should be **granted** as to Defendant Sheriff McCarthy on the failure-to-protect claims for January and September 2017.

**B. Conspiracy to Physically Harm.**

Plaintiff also asserts a claim against all Defendants for conspiracy to physically harm him. (ECF No. 10). Plaintiff alleges that he "suffered due to the Defendants' actions in failing

---

[4] It is not alleged, and is not clear from the pleadings, whether Plaintiff believes McCarthy knew of a plan to have other inmates harm Plaintiff before the assault he says occurred in January 2017.

to protect him by failing to inform him he was a target of attack." *Id.* at ¶ 45.  Plaintiff also contends Defendants caused him to suffer injuries when he was assaulted. *Id.* at ¶ 46.

　　*(1) Kynsie Anderson, Polk County through its Jail, and Sheriff McCarthy.*   To establish a section 1983 claim for conspiracy, Plaintiff must show that Defendants "(1) conspired with others to deprive him . . . of a constitutional right; (2) at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured the plaintiff." *Helmig v. Fowler*, 828 F.3d 755, 763 (8th Cir. 2016).  Plaintiff does not have to show that each Defendant knew of the entire unconstitutional plan to violate his civil rights, but he must present evidence sufficient to show each Defendant reached an agreement to deprive Plaintiff of his constitutional rights. *Id.*  To sufficiently plead a conspiracy claim, Plaintiff must allege facts giving rise to the inference that Defendants had a meeting of the minds, or a mutual understanding, to violate Plaintiff's constitutional rights. *Davis v. Simmons*, 100 F.Supp.3d 723, 734 (S.D. Iowa 2015).

　　Plaintiff has not alleged facts sufficient to allow for the inference that Defendants Kynsie Anderson, Polk County through its Jail, or Sheriff McCarthy engaged in a meeting of the minds to deprive Plaintiff of his Eighth and Fourteenth Amendment rights.  Plaintiff did not allege that any of these Defendants were aware of any plan by Travis Anderson and Wissink to cause Plaintiff to be assaulted.  Further, Plaintiff has not alleged that in either January or September 2017, Kynsie Anderson, Polk County through its Jail, or Sheriff McCarthy engaged in any overt acts in furtherance of any plan to harm Plaintiff in violation of his constitutional rights, or that any of these Defendants carried out an overt act that actually injured the Plaintiff.  The Motion to Dismiss (ECF No. 21) should be **granted** as to all three Defendants, Kynsie Anderson, Polk County through its Jail, and Sheriff McCarthy, on the section 1983 civil-conspiracy claim.

**C. Retaliation.**

Plaintiff alleges that upon his return to Polk County Jail, "Defendants retaliated against Plaintiff by denying him his attorney, meals, and showers. Defendants further retaliated by failing to file his grievances and attempting to civilly commit Plaintiff without a valid court order." (ECF No. 10, ¶ 50). Plaintiff contends that Defendants Polk County through its Jail and Sheriff McCarthy allowed these actions by unnamed staff, which were motivated by the firings of Defendants Travis Anderson, Kynsie Anderson, and Wissink.[5] *Id.* at ¶ 33.

To establish a section 1983 retaliation claim, Plaintiff must allege that: "(1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Spencer v. Jackson Cty., Mo.*, 738 F.3d 907, 911 (8th Cir. 2013) (quoting *Revels v. Vincenz*, 382 F.3d 764, 771 (8th Cir. 2001)).

Plaintiff conflates the analysis of a section 1983 claim for actions taken that are in retaliation for Plaintiff's exercise of constitutionally-protected rights with a separate claim of violation of his protected rights, motivated by retaliation for a perceived harm to a Defendant's co-worker or employee. In the former, the individual actions taken in retaliation for the exercise of constitutional rights do not, themselves, have to violate Plaintiff's constitutional rights. In the later instance, Plaintiff must plead sufficient facts to assert a violation of his constitutional rights; the retaliation motive alleges the basis for a subjectively culpable state of mind.

---

[5] Although Plaintiff stated that Defendant Kynsie Anderson was terminated, counsel for Plaintiff and counsel for Defendants agreed at the hearing on the Motion to Dismiss that Kynsie Anderson has not been terminated from her position at Polk County Jail, but that her husband, Travis Anderson, was terminated.

In claims for retaliation due to Plaintiff's exercise of his constitutional rights, or complaints about their violation, Plaintiff must show a causal connection between the retaliatory animus and the subsequent injury. *Hartman v. Moore*, 547 U.S. 250, 259 (2006).  Broad and conclusory allegations do not support a claim for section 1983 relief for retaliation due to Plaintiff's exercise of protected rights, or complaints of violation of those rights. *Flittie v. Solem*, 827 F.2d 276, 281 (8th Cir. 1987).

   *(1) Kynsie Anderson.*  Defendants contend that Plaintiff has failed to state a legitimate claim against Kynsie Anderson for violation of Plaintiff's constitutional rights under section 1983.  In order to sufficiently state a claim for retaliation under section 1983, Plaintiff must allege that he made a claim for, or complaint about, the violation of a constitutional right, and that acts were taken in retaliation for that claim or complaint. *Tyler v. Carnahan*, 230 F.3d 1066, 1067 (8th Cir. 2000); *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding the plaintiff's complaint failed to state a claim for retaliation because "no constitutional right was violated by the defendants' failure, if any, to process all of the grievances he submitted for consideration").

   Even viewing all of the facts in the Second Amended Complaint as true, there is no basis to infer that Kynsie Anderson was involved in the alleged harms against Plaintiff in January or September 2017. *See Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007) (finding a lack of a "temporal connection between the protected activity and the alleged retaliation dispel any inference of causal connection").  Plaintiff's Second Amended Complaint does not even allege that Kynsie Anderson was employed at Polk County Jail at the time the retaliatory conduct was alleged to have occurred in September 2017, when Plaintiff returned to Polk County Jail after the terminations of Travis Anderson and Wissink.  The Motion to Dismiss (ECF No. 21) should be

**granted** as to Defendant Kynsie Anderson on Plaintiff's claim of retaliation for any exercise of a protected right.

*(2) Polk County through its Jail.* Plaintiff has also not sufficiently stated a claim for retaliation by Polk County through its Jail employees or supervisors.

Plaintiff claims that in September 2017, acts by Polk County Jail staff were taken against him in retaliation for Plaintiff's role in causing the termination of Defendants Travis Anderson and Wissink. However, Plaintiff has not pled that the September 2017 acts against him were in retaliation for any protected activity on his part. In fact, Plaintiff alleged he was not even aware of the plan to have other inmates harm him in January 2017 until months later, in December 2017, when he read a news article about disciplinary issues within Polk County Jail. (ECF No. 10, ¶ 39). Plaintiff states Defendants retaliated against him by "failing to file his grievances," but does not state who failed to file Plaintiff's grievances; when that is alleged to have occurred; or how that related to his complaints about an assault in January 2017, or any later actions by Polk County Jail staff that violated his constitutional rights. Viewing the facts pled by Plaintiff as true, and drawing all inferences in favor of Plaintiff, the Court finds that Plaintiff has not stated a claim upon which relief can be granted for retaliation against Polk County through its Jail. The Motion to Dismiss (ECF No. 21) should be **granted** as to Defendant Polk County through its Jail on the retaliation claim.

*(3) Sheriff McCarthy.* Plaintiff also alleges that in September 2017 Defendant Sheriff McCarthy "allowed" Plaintiff to be harmed by Polk County Jail staff, due to retaliation which occurred after Plaintiff's altercation with Kynsie Anderson that may have resulted in the terminations of Defendants Travis Anderson and Wissink in March and April 2017. (ECF No. 10, ¶ 33).

As discussed above in the analysis of the failure-to-protect claim, a supervisor cannot be held liable for an employee's unconstitutional actions under a theory of *respondeat superior*. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). As a supervisor, Sheriff McCarthy may be held liable under section 1983 if he was personally involved in the constitutional violation, or if his inaction constitutes deliberate indifference toward the violation. *Id.* "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see." *Id.* (quoting *Ripson v. Alles*, 21 F.3d 805, 809 (8th Cir. 1994)).

Plaintiff does not contend the retaliatory conduct against him in September 2017 resulted from Sheriff McCarthy's failure to supervise or train employees, nor does he allege that Sheriff McCarthy was personally involved in, or aware of the retaliatory conduct that allegedly harmed Plaintiff. Plaintiff has failed to allege he engaged in any protected activity, or made any complaints, that resulted in retaliation by Sheriff McCarthy against Plaintiff. Plaintiff has not sufficiently pled a retaliation claim against Defendant Sheriff McCarthy under section 1983. The Motion to Dismiss (ECF No. 21) should be **granted** as to Defendant Sheriff McCarthy on the retaliation claim.

### D. Conspiracy to Violate Plaintiff's Constitutional Rights.

Plaintiff also raises a claim for conspiracy to violate his constitutional rights by all Defendants. Plaintiff alleges in the Second Amended Complaint that "the acts and omissions of all Defendants were intentional, reckless, willful, and malicious and constitute a flagrant disregard for Plaintiff's constitutional rights and well-being." (ECF No. 10, ¶ 52). Plaintiff makes this blanket assertion about the January and September 2017 events.

In order to prove a section 1983 conspiracy claim, Plaintiff must establish: "(1) that the defendant[s] conspired with others to deprive him of constitutional rights; (2) that at least one of

the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff." *Burton v. St. Louis Bd. of Police Com'rs*, 731 F.3d 784, 798 (8th Cir. 2013) (quoting *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008)). Plaintiff must also show he was deprived of a constitutional right or privilege. *Id.*

   *(1) Kynsie Anderson, Polk County through its Jail, and Sheriff McCarthy.* Considering all the facts pled by Plaintiff as true, and making all inferences in favor of Plaintiff, there is no showing of a meeting of the minds, or mutual understanding involving Defendants Kynsie Anderson, Polk County through its Jail, or Sheriff McCarthy to commit any conspiracy to violate Plaintiff's constitutional rights for the events occurring during his time at the Polk County Jail in 2017. The Motion to Dismiss (ECF No. 21) should be **granted** as to Defendants Kynsie Anderson, Polk County through its Jail, and Sheriff McCarthy on Plaintiff's claims for conspiracy to violate his constitutional rights.

## IV. REPORT AND RECOMMENDATION

   Plaintiff has failed to state claims for violation of his constitutional rights upon which relief can be granted, under 42 U.S.C. section 1983, as to Defendants Kynsie Anderson, Polk County Jail as a separate entity, Polk County through its Jail department staff, and/or Sheriff Bill McCarthy.

   IT IS RESPECTFULLY RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 21) as to Defendants Polk County Jail, Polk County through its Jail, Kynsie Anderson, and Sheriff Bill McCarthy be **granted** on all of Plaintiff's claims for failure to protect, conspiracy to physically harm, retaliation, and conspiracy to violate Plaintiff's constitutional rights.

   IT IS ORDERED that the parties have until February 1, 2019, to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C). Any objections filed

16

must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *see also St. Jude Med. S.C., Inc. v. Tormey*, 779 F.3d 894, 902 (8th Cir. 2015) (citing *McDonald v. City of St. Paul*, 679 F.3d 698, 709 (8th Cir. 2012)). Failure to timely file objections may constitute a waiver of Plaintiff's right to appeal questions of fact. *United States v. Kelley*, 774 F.3d 434, 439 (8th Cir. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

IT IS SO ORDERED.

Dated this 17th day of January, 2019.

CELESTE F. BREMER
UNITED STATES MAGISTRATE JUDGE