IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AARON COLLINS, | ) |
| | ) |
| Plaintiff, | ) CASE NO.: 4:18-cv-00163-JEG-CFB |
| | ) |
| vs. | ) |
| | ) |
| TRAVIS ANDERSON and | ) **REPORT AND RECOMMENDATION** |
| HUNTER WISSINK, | ) **TO GRANT DEFENDANTS'** |
| | ) **MOTION TO DISMISS** |
| Defendants. | ) |

## I. INTRODUCTION

This matter is before the Court on Defendants' oral Motion to Dismiss, after Plaintiff failed to personally appear for a Status Conference as ordered by the Court, on January 23, 2020 (ECF 82). Appearing were Plaintiff's counsel Michael Kaufmann; Matthew Sahag for Defendant Travis Anderson; and Benjamin Arato for Defendant Hunter Wissink.

## II. BACKGROUND

This case was filed on May 21, 2018, for claims based upon 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for damages, alleging that in January 2017 Defendants Kynsie Anderson, Bill McCarthy, Polk County Jail, Travis Anderson, and Hunter Wissink: (1) conspired to arrange an assault on Plaintiff at the Polk County Jail; (2) failed to protect Plaintiff, or inform him that he was the target of an attack; and (3) retaliated against Plaintiff due to his complaints about his treatment by conspiring to violate his constitutional rights by denying him access to an attorney, meals, and showers, and by also attempting to civilly commit him without a valid Court order (ECF 10). The Court dismissed the claims against Defendants Kynsie Anderson, Bill McCarthy, and Polk County Jail on August 8, 2019, based upon Fed. R. Civ. P. 12(b)(6). Defendant Hunter

1

Wissink filed his Answer on December 13, 2018 (ECF 33); and Defendant Travis Anderson filed his Answer on January 9, 2019 (ECF 38). On August 15, 2019, Attorney Michael Kaufmann entered an appearance for Plaintiff, after previous *pro bono* counsel was granted leave to withdraw (ECF 52). This case is set for a three-day jury trial commencing July 20, 2020.

Subsequently, the Court addressed several discovery issues, granting Plaintiff additional time to respond to Defendant Anderson's discovery requests (ECF 77, 79). Plaintiff was notified twice that his failure to participate in discovery or obey the Court's orders could result in the imposition of sanctions, including dismissal of this action. *See* Order on Def.'s Mot. to Compel, filed October 31, 2019 (ECF 76) ("Plaintiff shall note that failure to respond to discovery requests or an order of this Court can result in the imposition of sanctions, pursuant to Fed. R. Civ. P. 16, 26 and 37, which can include dismissal of a Complaint."); Order on Mot. to Compel and Mot. for Sanctions, filed November 26, 2019 (ECF 79) ("Plaintiff is again reminded that failure to respond to discovery requests, or failure to respond to an order of this Court, can result in the imposition of sanctions, pursuant to Fed. R. Civ. P. 16, 26, and 37. Sanctions can include dismissal of the Complaint; imposition of costs and attorney fees; or other limitations on admission of evidence.").

On December 19, 2019, Plaintiff's counsel moved to withdraw because of a breakdown of the attorney-client relationship, noting that counsel did not have a current address or phone number for Plaintiff (ECF 81). On January 3, 2020, pursuant to Rules 16 and 26, the Court ordered Plaintiff to personally participate in the Status Conference set for January 23, 2020; the Court advised Plaintiff for a third time that "failure to complete discovery, and failure to participate in this Status Conference and Discovery Plan [could] result in the imposition of sanctions, including dismissal of this action." Order Re: Mot. to Withdraw (ECF 82). The Court also ordered Plaintiff's counsel to serve a copy of that Order and of his Motion to Withdraw on

Plaintiff, and to file a Proof of Service. *Id.* Plaintiff was personally served with this material at the Polk County Courthouse on January 8, 2020 (ECF 83). Plaintiff's counsel also provided Plaintiff's last-known address, but informed the Court that he believed Plaintiff was no longer living there. *Id.* Plaintiff's counsel also advised that Plaintiff had not provided him with a current address or phone number. *Id.*

On January 23, 2020, Plaintiff failed to appear by telephone for the Status Conference, in person or by calling the phone conference number provided in the Order. *See* Hr'g Minutes (ECF 86); Order Re: Mot. to Withdraw (ECF 82). Plaintiff did not respond to Plaintiff's counsel's Motion to Withdraw; that Motion was granted in an Order filed separately (ECF 88). Based upon Plaintiff's failure to comply with the Court's Order to appear at the Status Conference, resulting in the parties' inability to complete a discovery plan, Defendants moved for sanctions, including dismissal of this case. Defendants noted that they would be prejudiced by further continuances for Plaintiff to complete discovery, and by the expense incurred in continuing to defend this case. Defendants noted that their appeal of the Court's discovery order was pending; a ruling on that issue and completion of Plaintiff's deposition were necessary prior to filing their Motions for Summary Judgment. The deadline for Dispositive Motions is February 26, 2020. The deadline for completion of discovery is January 29, 2020. Defendants also moved for dismissal pursuant to Fed. R. Civ. P. 41(b).

## III. DISCUSSION

Federal Rules of Civil Procedure 16 and 26 contain the general provisions governing discovery, pretrial matters, and case management. Rule 26 provides that a party is responsible for attending a pretrial conference in person if the Court so orders. Fed. R. Civ. P. 26(f)(2). Under Rule 16(f)(1), the Court may issue "any just orders" when a party fails to appear at a pretrial conference or fails to obey a scheduling or other pretrial order, including the issuance of

sanctions, such as dismissing the action, pursuant to Rule 37(b)(2)(A)(v). "Under Rule 37, dismissal as a discovery sanction is available only if there is (1) an order compelling discovery, (2) a willful violation of the order, and (3) prejudice." *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014) (internal citations omitted). The Court must also evaluate whether a less-extreme sanction would suffice. *Id.*

Under Rule 41(b), if a Plaintiff fails to prosecute his case, fails to comply with the Rules of Civil Procedure, or fails to comply with a Court order, a Defendant may move to dismiss Plaintiff's claim. Fed. R. Civ. P. 41(b); *see also Burgett v. General Store No Two Inc.*, 727 Fed. Appx. 898 (8th Cir. 2018) ("Under Rule 41(b), [as opposed to a sanction under Rule 37(b)(2)] the focus is foremost on the egregiousness of the plaintiff's conduct, and only to a lesser extent on the prejudice to the defendant or the administration of justice in the district court.") (internal citations omitted).

The Court finds that Plaintiff willfully violated the Court's Order requiring him to personally attend and participate in preparing a discovery plan at the Status Conference on January 23, 2020, pursuant to Rules 16 and 26. (ECF 82). Plaintiff was personally served with the Order requiring his appearance, and was advised by the Court that "failure to complete discovery, and failure to participate in this Status Conference and Discovery Plan [could] result in the imposition of sanctions, including dismissal of this action." (ECF 82). Plaintiff did not appear, nor did he notify the Court, the Clerk's Office, or Plaintiff's counsel, that he would not or could not appear. This was the third time the Court informed Plaintiff of his obligation to participate in discovery, and of the consequences, including dismissal, if he did not. As Plaintiff's counsel has been allowed to withdraw, and Plaintiff has not provided a home address, phone number, or email address, or any other way to contact him, discovery cannot be completed and this case cannot proceed to trial.

4

The Court finds that Defendants were prejudiced by Plaintiff's disregard for completion of a discovery plan, his disregard for timely completion of discovery, and his failure to comply with the Court's Order. *See Burgett*, 727 Fed. Appx. at 900 (finding that the District Court did not err in finding that Defendants were prejudiced by the denial of information and process to which they were entitled). Discovery has already been delayed due to Plaintiff's failure to provide timely discovery responses (ECF 79). And now, discovery is yet to be completed as the January 29, 2020, Discovery Deadline approaches. With a trial date of July 20, 2020, Defendants are prejudiced by any further delay of discovery, as the Dispositive Motion deadline is February 26, 2020.

Finally, the Court finds that a lesser sanction would be ineffective in compelling the Plaintiff to participate in discovery, or otherwise comply with the Court's orders. In addition to ignoring the Court's order to appear at the Status Conference to complete the discovery planning process (assuming further extensions of time would be granted), Plaintiff has failed to provide any valid contact information to the Court or his attorney. Plaintiff has not otherwise indicated that he intends to comply with future Court orders, despite continued efforts by the Court and his counsel to ensure he remains informed of Court orders and deadlines.

## IV.  CONCLUSION

After the considering the Eighth Circuit's factors for imposition of sanctions pursuant to Rule 37(b)(2), the Court finds that dismissal of this action is an appropriate sanction. Due to Plaintiff's disregard of this Court's Order to personally appear at the Status Conference and to participate in completion of a discovery plan, dismissal is also appropriate under Rule 41(b). The Court finds that any less-extreme sanction is not appropriate, as there is no indication that Plaintiff wants to prosecute this case, or make himself available for discovery. The Court has previously granted Plaintiff additional time to complete written discovery.

## V. REPORT AND RECOMMENDATION

IT IS RESPECTFULLY RECOMMENDED that this case be DISMISSED as a sanction for violating the Court's Order to participate in discovery and appear for a Status Conference on January 23, 2020, pursuant to Federal Rules of Civil Procedure 16(f)(1), 37(b)(2)(A)(ii), 26(f), and for failure to prosecute pursuant to Rule 41(b).

IT IS ORDERED that the parties have until fourteen days from the date of the Notice of Electronic Filing of this ruling, or no later than February 10, 2020, to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C), and Local Rule 5A(j). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *see also Hudson v. Gammon*, 446 F.3d 785, 786 (8th Cir. 1995). Failure to timely file objections may constitute a waiver of Plaintiff's right to appeal questions of fact. *United States v. Kelley*, 774 F.3d 434, 439 (8th Cir. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

The Clerk of Court shall mail a copy of this Report and Recommendation to Plaintiff, at his last known address:

Aaron J. Collins
1117 22nd Street
Des Moines, IA 50311

IT IS SO ORDERED.

Dated this 27th day of January, 2020.

_____
CELESTE F. BREMER
U.S. MAGISTRATE JUDGE